**FILED**
**2015 AUG 18  AM 11: 16**
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CHRISTOPHER CORNETT,
        Movant,

-vs-

UNITED STATES OF AMERICA,
        Respondent.

Case No. A-15-CA-377-SS
[No. A-12-CR-253(1)-SS]

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Christopher Cornett's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [#110], Cornett's Motion for Evidentiary Hearing [#111], Cornett's Motions for Protective Order, for Discovery, and for Relief [#112], Cornett's Motion for Discovery [#118], Cornett's Motion for Reconsideration [#125], Respondent United States of America (the Government)'s Response [#126], and Cornett's Reply [#127]. Having considered the documents, the file as a whole, and the governing law, the Court enters the following opinion and orders DENYING the motion for relief under 28 U.S.C. § 2255.

### Background

On January 3, 2012, Christopher Cornett was charged in an indictment for Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1349 (Count One); Money Laundering and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956, 1957, and 1956(h) (Count Two); and Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Three through Thirteen). *See* Indictment [#1]. On October 15, 2012, Cornett pleaded guilty to Counts One and Two of the



Indictment pursuant to a plea agreement. *See* Plea Agreement [#41]. On February 15, 2013, the Court sentenced Cornett to a term of imprisonment of 240 months on each of Counts One and Two, to be served consecutively for a total of 480 months, and to a term of supervised release of 3 years on each of Counts One and Two, to be served concurrently. Additionally, the Court ordered Cornett to pay a $100 special assessment fee and restitution in the amount of $10,320,733.39. On February 22, 2013, the Court entered the Judgment and Commitment [#75].

On February 22, 2013, Cornett filed a Notice of Appeal [#73]. On February 6, 2014, the Fifth Circuit Court of Appeals dismissed Cornett's appeal. *See* Mandate [#106]. On May 7, 2015, Cornett filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#110]. In his § 2255 motion, Cornett asserts the following claims for relief: (1) his "plea agreement/contract is void ab initio"; and (2) his trial counsel provided ineffective assistance by inducing him to enter into the allegedly unconstitutional and void plea agreement. *See id.*

## Analysis

**I.     Legal Standard**

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of

constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II.   Ineffective Assistance of Counsel

### A.   Legal Standard

The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

### B.   Conclusory and Unsupported Claims

A review of Cornett's claims reveals a failure to support them with any factual or legal support. The burden of proof rests on Cornett to show he is entitled to relief and to allege more than just conclusory statements. *See Williford v. Estelle*, 672 F.2d 552, 555 (5th Cir. 1982). Conclusory statements, unsupported by factual allegations or proof to demonstrate prejudice, are insufficient to

support a due process claim. *Mayberry v. Davis*, 608 F.2d 1070, 1072 (5th Cir. 1979). Claims of ineffective assistance of counsel must identify specific acts and omissions of counsel. *Knighton v. Maggio*, 740 F.2d 1344, 1349–50 (5th Cir. 1984).

Cornett's primary complaint is his counsel was ineffective by advising him to enter a guilty plea that waived discovery and that by not going through further discovery, Cornett could not accurately assess the Government's case against him. Cornett's contentions are conclusory, and he offers no specific contentions to back up any notion his was plea was involuntary. For instance, at no point in any of Cornett's briefing and motions does he allege what specific discovery he should have seen and how seeing that discovery would have made any difference in his case. Cornett's generalized allegations are insufficient to support relief under § 2255. Nevertheless, the Court briefly addresses a few of the substantive problems with Cornett's claims.

### C.     Void Contract

Cornett first argues his plea agreement is "void ab initio" because it was "tainted by fraud and wrongdoing." *See* Mot. Vacate [#110] at 1. Specifically, Cornett claims the following provisions in his plea agreement are "in and of [themselves] . . . contract term[s] in violation of the Constitution's due process, assistance of counsel and equal protection clauses which required judicial sua sponte notice and action": (1) the waiver of discovery; and (2) the waiver of his right to challenge his conviction or sentence in a post-conviction collateral attack, including proceedings pursuant to § 2255, except challenges based on ineffective assistance of counsel and prosecutorial misconduct. *See id.* at 2.

Cornett is incorrect these two waiver provisions in and of themselves violated his constitutional rights. Concerning the waiver of discovery, Cornett cites no authority suggesting

inclusion of such a provision—a provision routinely included in plea agreements—is unconstitutional. To the contrary, the Supreme Court has held constitutional a criminal defendant's "waiver of the right to receive from prosecutors exculpatory impeachment material—a right that the Constitution provides as part of its basic 'fair trial' guarantee." *See United States v. Ruiz*, 536 U.S. 622, 629 (2002). "When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." *Id.* (citations omitted). Given the gravity accompanying the relinquishment of these rights, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). With these principles in mind, the Supreme Court held the Constitution does not require the "preguilty plea disclosure of impeachment information." *Id.*

As the Court explained, such information "is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficient[ly] aware')." *Id.* "Of course, the more information the defendant has, the more aware he is of the likely consequences of a plea, waiver, or decision, and the wiser that decision will likely be." *Id.* "But the Constitution does not require the prosecutor to share all useful information with the defendant." *Id.* (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case.")). As such, Cornett's contention that his plea agreement is void simply because it contained a waiver of discovery—which is not even constitutionally guaranteed—is wrong. The relevant question is only whether his decision to waive discovery was made voluntarily.

Like the waiver of discovery, there is also nothing per se unconstitutional about the waiver of the right to collaterally attack a conviction or sentence—another provision routinely included in plea agreements. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (holding there is nothing unconstitutional about the waiver of post-conviction relief as long as it is informed and voluntary).

Cornett's argument that his plea agreement is void because it included waivers of discovery and his right to pursue certain post-conviction relief lacks merit.

### D. Voluntariness of Plea

Related to his first claim, Cornett also argues he never received discovery, and therefore he "did not understand the nature and extent of the government's case against him." Mot. Vacate [#110] at 2. First, as the Supreme Court explained in *Ruiz*, "this Court has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of constitutional rights despite various forms of misapprehension under which a defendant might labor." *Ruiz*, 536 U.S. at 630 (citing numerous examples of the various forms of ignorance under which a defendant might enter a constitutionally valid plea agreement).

Second, Cornett's contention his plea was not voluntary is unsupported by the record. To be constitutionally valid, a guilty plea must be knowing and voluntary. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citation omitted). "[A] defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath." *Id.* (citation omitted). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)).

Here, Cornett, duly sworn, appeared before a Magistrate Judge and entered a plea of guilty pursuant to the plea agreement. *See* Resp. [#126-2] Ex. B (Rearraignment Tr.) at 2. At the hearing, the Government attorney summarized the terms of Cornett's plea agreement. *See id.* at 5–10. That summary included Cornett's waiver of pretrial discovery and his right to collaterally attack his conviction. *Id.* at 6:9–16. The Government lawyer also described the plea agreement's "Voluntariness" section, indicating Cornett was entering the agreement voluntarily and not due to any force or coercion. *Id.* at 9:23–10:3.

After the summary, Cornett confirmed a number of facts to the Magistrate Judge including, (1) he had read the plea agreement; (2) he and his attorney had discussed the plea agreement; (3) he understood the plea agreement; (4) he agreed to the plea agreement; and (5) he understood he was giving up his right to appeal or challenge his conviction or sentence in a post-conviction proceeding with the exception of ineffective assistance of counsel claims. *Id.* at 10:11–12:1. Finally, Cornett confirmed he committed the offenses to which he was pleading guilty, and he pleaded guilty. *Id.* at 19:20–20:2. The Magistrate Judge asked Cornett, "Are you making both of those pleas freely and voluntarily?" *Id.* at 20:3–4. Cornett responded, "Yes, sir." *Id.* at 20:5. Cornett further confirmed (1) he was pleading guilty because he was guilty and for no other reason; (2) no one threatened or formed him to plead guilty; (3) no one promised him anything other than the plea agreement; and (4) no one promised him what his sentence would be. *Id.* at 20:6–18.

In addition to Cornett's statements at his rearraignment, his statements at sentencing also contradict any contention that he was not aware of the facts to which he was pleading guilty or that his plea was not voluntary. At sentencing, Cornett confirmed he had the opportunity to review with his attorney his presentence investigation report (PSI), and neither Cornett, nor his attorney, lodged

any objections to the PSI. *See* Sentencing Tr. [#98] at 2:10–13, 3:22–23. The PSI exhaustively details Cornett's scheme to defraud numerous investors of millions of dollars. *See* Presentence Investigation [#108] at 4–9 (sealed). In other words, Cornett was well aware of the Government's overwhelming case against him.

There is no evidence to support a finding Cornett's guilty plea was involuntary. To the extent Cornett asserts an ineffective assistance of counsel claim based on the theory his attorney advised him to enter a plea that was not made knowingly and intelligently, the Court rejects it. Cornett has failed to establish his counsel's performance was deficient, and he has failed to even allege any prejudice he suffered as the result of his attorney's supposedly deficient performance.

### E.     Cornett's Other Pending Motions

Cornett moves for an evidentiary hearing, but since "the motion, files, and record of the case conclusively show that no relief is appropriate," a hearing is not required. *See United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983); *see also United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

Cornett moves for "a protective order applying with the American Bar Association Standing Committee on Ethics and Professionalism promulgated Opinion 10-456 to address the application of Model Rule 1.6(b)(5)." Mot. Protective Order & Mot. Discovery [#112] at 1. Cornett appears to be concerned about alleged "ex parte communications" going on between his trial counsel, Russell Soloway, and the Government, and he writes the "contractual requirements of 'the United States' to disgorge confidential and privileged matter is not simply overreaching[,] it is in contravention of

the national norm." *Id.* Although unclear, it appears Cornett is concerned about the Government contacting Soloway in preparing a response to Cornett's § 2255 motion. Subsequent to Cornett's motion, Soloway did provide an affidavit to the Government, which is attached to the Government's response. *See* Resp. [#126-1] Ex. A (Soloway Aff.).

The Court finds nothing improper about the Government reaching out to Soloway for an affidavit when Cornett has claimed Soloway provided him ineffective assistance of counsel. This sort of contact is commonplace when criminal defendants collaterally attack their conviction and sentence based on alleged ineffective assistance of counsel. Regardless, the Court has not even considered the affidavit, and Cornett's habeas claims lack merit for the independent reasons described above. As such, Cornett's motion for protective order is immaterial and moot. The Court denies it.

Cornett has filed multiple motions for discovery, in which Cornett seeks the discovery he waived in entering his plea agreement. For the reasons described above, Cornett has failed to establish he is entitled to any relief on his habeas claims. Therefore, there is no basis for reopening discovery in this matter. Cornett's motions for discovery are denied.

Finally, Cornett has moved for reconsideration of the Court's order cancelling a previously scheduled show cause hearing. Cornett filed a motion to compel Soloway to turn over to Cornett his case file. *See* Mot. Compel [#113]. The Court granted the motion and ordered Soloway to provide Cornett with his entire case file within ten days. *See* Order of June 1, 2015 [#119]. After ten days passed, Cornett filed a motion for order to show cause because Soloway had failed to comply with the Court's order. *See* Mot. Order Show Cause [#120]. The Court granted that motion and set a show cause hearing. *See* Order of June 23, 2015 [#121]. Subsequently, Soloway filed a

declaration, stating he had complied with the order by retrieving the case file from storage and having all paper and discovery disks copied and mailed by the ten day deadline. *See* Soloway Decl. [#122]. He also attached copies of the receipt and proof of mailing as well as the return receipt. *Id.* Noting counsel had complied with the order, the Court cancelled the show cause hearing. *See* Order of July 1, 2015 [#123]. Cornett has now filed a motion for reconsideration of the order cancelling the hearing because, according to Cornett, Soloway could not possibly have turned over the entire case file. *See* Mot. Reconsider [#125]. For this contention, Cornett relies on a letter from the prosecutor to Soloway in August 2012 indicating the Government made available to Soloway a vast amount of information, including three terabytes of digital information. *See* Cornett Letter Br. [#124]. Because the case file Soloway sent Cornett is far less than that amount of information, Cornett insists Soloway never reviewed all of the information made available to him by the Government. *Id.*

Cornett's contentions are meritless as there was no requirement Soloway review every piece of evidence the Government made available to him, nor was Soloway required—or perhaps even allowed, depending on the arrangement with the U.S. Attorney's Office—to show all of that information to Cornett. More importantly, Cornett's arguments are irrelevant. In pleading guilty, Cornett waived the discovery process. As already explained, there is nothing unconstitutional about such a waiver. The record shows Cornett was fully aware of the waiver and that he was agreeing to plead guilty because he was guilty of the crimes charged. At no point does he explain why this discovery issue matters or how his case would have unfolded differently if only Soloway had more exhaustively reviewed the information made available to him by the Government. Taken together, Cornett's briefing amounts to a request to vacate his conviction and sentence and reopen his case for

no articulated reason other than he wants to personally review the discovery he voluntarily waived. There is no basis for granting such a request, and the motion to reconsider is denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Cornett's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve

encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## Conclusion

Accordingly,

IT IS ORDERED that Movant Christopher Cornett's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [#110] is DENIED;

IT IS FURTHER ORDERED that Cornett's Motion for Evidentiary Hearing [#111] is DENIED;

IT IS FURTHER ORDERED that Cornett's Motions for Protective Order, for Discovery, and for Relief [#112] are DENIED;

IT IS FURTHER ORDERED that Cornett's Motion for Discovery [#118] is DENIED;

IT IS FURTHER ORDERED that Cornett's Motion for Reconsideration [#125] is DENIED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 17th day of August 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE